UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT R. STACHURA, JR.,

         Plaintiff,

vs.                              Case No. 2:12-cv-13078
                                  Hon. Lawrence P. Zatkoff

CAROLYN W. COLVIN, acting
Commissioner of Social Security,

         Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 7, 2015

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiff's application for attorney fees and expenses under the Equal Access to Justice Act [dkt. 25]. Defendant filed a response, and Plaintiff did not file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's application for attorney fees is GRANTED.

## II. BACKGROUND

On July 12, 2012, Plaintiff Robert Stachura ("Plaintiff") filed the underlying complaint seeking judicial review of the unfavorable decision denying benefits made by the Social Security

Commissioner ("Defendant") [dkt. 1].[1] On July 13, 2012, the Court referred Plaintiff's complaint to Magistrate Judge Michael J. Hluchaniuk [dkt. 3]. After the parties had filed cross motions for summary judgment, Magistrate Hluchaniuk issued a Report and Recommendation [dkt. 20]. On October 17, 2013, the Court adopted the Report and Recommendation, and entered judgment in accordance with it [dkt. 23–24].

Based on the analysis contained in the Report and Recommendation, the Court ordered that the parties' motions for summary judgment be granted in part and denied in part. The Report and Recommendation found that the ALJ erred by failing to properly consider whether Plaintiff's impairments satisfied the Listing for a Central Nervous System Vascular Accident ("Listing 11.04"). In doing so, the Report and Recommendation stated that:

> The ALJ . . . provided no analysis whatsoever or even mentioned this Listing, let alone any evaluation and explanation sufficient for meaningful review. While the Commissioner's motion contains some discussion as to why Plaintiff does not not [sic] meet the criteria of Listing 11.04, the ALJ did not engage in that same analysis . . . [t]hus, this matter should be remanded for further consideration under Listing 11.04.

On January 15, 2014, Plaintiff filed a motion for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"),[2] seeking $5,406.00 in fees for 31.8 hours of work performed by his attorney and $105.40 in expenses incurred [dkt. 25].

### III. LEGAL STANDARD

Pursuant to the EAJA:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of

---

[1] Although Plaintiff's original complaint was filed against Michael Astrue, Plaintiff subsequently changed the named Defendant to reflect the current Social Security Commissioner: Carolyn W. Colvin.

[2] *See* 28 U.S.C. § 2412.

the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, Plaintiff must establish that: (1) he is a prevailing party; (2) Defendant's position lacked substantial justification; and (3) no special circumstances exist that would warrant a denial of fees. *See Ratliff v. Comm'r of Soc. Sec.*, 465 F.App'x 459, 460 (6th Cir. 2012); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). Only after these elements are established should the Court consider the amount of fees that may be properly awarded.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). The Supreme Court has determined that a position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Sixth Circuit has interpreted this requirement to find that a "position is substantially justified when it has a reasonable basis both in law and fact." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations omitted). Defendant bears the burden of proving its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The EAJA directs courts to award a prevailing party "fees and other expenses . . . incurred by that party[.]" 28 U.S.C. § 2412(d)(1)(a); *see also Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 576 (2008). The EAJA indicates that "[f]ees and other expenses" include "reasonable attorney fees," which should be based upon:

prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as

the limited availability of qualified attorneys or agents for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(D)(2)(A).

## IV. ANALYSIS

In determining whether to grant Plaintiff's application for attorney fees and expenses, the Court's task is twofold. First, the Court must determine whether the awarding of attorney fees and expenses is permissible under the relevant fee-shifting statute: in this case, the EAJA. Second, should the Court determine the awarding of attorney fees and expenses is permissible, it must then determine the appropriate amount to award.

### A. Defendant's Position Was Not Substantially Justified

As indicated above, Plaintiff must establish that: (1) he is a prevailing party; (2) Defendant's position lacked substantial justification; and (3) no special circumstances exist that would warrant a denial of fees. In this case, the parties do not dispute that Plaintiff is a prevailing party, and Plaintiff provides compelling Supreme Court precedent to support his contention that a party obtaining a sentence-four remand may be awarded attorney fees. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993). Further, neither party suggests special circumstances exist in this case that would warrant the denial of fees, and the Court finds no evidence to suggest such special circumstances exist. Thus, the Court must consider only whether Defendant's position was substantially justified in order to determine whether the awarding of attorney fees is permissible.

It is undisputed that the ALJ failed to provide analysis, evaluation or explanation of any degree with regards to Plaintiff's argument that he met Listing 11.04. Despite this failure, Defendant denied benefits to Plaintiff and defended that denial before this Court. The Court must decide whether these decisions were substantially justified, a judgment made by determining

4

whether the decisions had a reasonable basis in law and fact. *See DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 727 (6th Cir. 2014).

The Court finds that Defendant's decisions did not have a reasonable basis in law and fact, and thus were not substantially justified. As Magistrate Hluchaniuk articulated in the Report and Recommendation adopted by this Court, "[f]or meaningful judicial review, the ALJ must actually evaluate the evidence, compare it to the criteria of the listing, and give an explained conclusion." Dkt. # 20, p. 40 (citing *Reynolds v. Commissioner of Social Security*, 424 Fed. Appx. 411, 416 (6th Cir. 2011)). In this matter, both parties agree that the ALJ failed to do just that: although Plaintiff specifically argued that he met Listing 11.04 before the ALJ, the ALJ's decision to deny benefits fails to mention this listing whatsoever. The ALJ's denial provided no analysis of Plaintiff's condition in conjunction with Listing 11.04, no evaluation of Plaintiff's assertion that his condition met the requirements of Listing 11.04, and no discussion of the evidence provided to support Plaintiff's claims. As the Report and Recommendation indicates, "[the ALJ] skipped an entire step of the necessary analysis." *Id.*

Despite this clear and critical omission, Defendant asserts it was substantially justified in defending the ALJ's decision. Defendant attempts to defend this position by reminding the Court that it "rejected all but one of Plaintiff's [other] arguments," that the ALJ's error was harmless because the record did not reflect Plaintiff met Listing 11.04, and that this Court's remand was of a procedural, rather than substantive, nature. None of these explanations, however, address the crux of the situation: Defendant acknowledged that the ALJ – the person tasked with the job of ultimately determining Plaintiff's disability status – failed to provide the requisite analysis necessary to make that very determination. Defendant nevertheless defended this decision by supplanting this analytical void with its own post-hoc "analysis" of Plaintiff's condition. The

Court will not adopt Defendant's argument that such post-hoc determinations by the very party that denied and opposed Plaintiff's disability petition should be considered in lieu of an administrative law judge's analysis.

Accordingly, the Court finds Defendant was not substantially justified in denying Plaintiff disability benefits and in defending its decision to deny such benefits before this Court.

### B.   Plaintiff's Requested Fees and Expenses are Reasonable

Plaintiff asserts his counsel is entitled to $5,406.00 in fees and $105.40 in expenses. Specifically, Plaintiff attaches affidavits and billing records claiming $5,406.00 in attorney fees based on the time Attorney Eva Guerra spent pursuing Plaintiff's case (31.8 hours) multiplied by a billing rate of $170.00/hour. Plaintiff asserts that such an hourly rate is appropriate given the prevailing market rate for practitioners of Attorney Eva Guerra's caliber and experience. Defendant asserts Plaintiff should not be awarded an hourly rate above $125.00, as Plaintiff fails to show that the requested rate of $170.00/hour is in line with prevailing rates in the community for similar legal services. Defendant does not object to the number of hours Attorney Eva Guerra claims to have spent on this matter or the amount of expenses Plaintiff requests.

With the Court's knowledge of the local legal market in mind, the Court finds that an hourly billing rate for Attorney Eva Guerra of $170.00/hour is reasonable for this type of case and this type of representation. The Court further finds that such rates are in line with those awarded within this district for similar matters. Upon review of the documents submitted by the Plaintiff, the Court also finds that the number of hours Attorney Eva Guerra claimed to have worked is a fair representation of the work actually performed. Finally, the Court finds that Plaintiff's requests for expenses are reasonable.

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for attorney fees and expenses under the Equal Access to Justice Act [dkt. 25] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is entitled to expenses of $105.40 and reasonable attorney fees of $5,406.00, for an aggregate total of $5,511.40.

IT IS FURTHER ORDERED that Defendant shall pay the aggregate award of $5,511.40 to Plaintiff's counsel within 15 days of the date of this Opinion and Order.

IT IS SO ORDERED.

Date:  January 7, 2015

s/Bernard A. Friedman for
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT COURT

7